### 3311. Moore v. Gainesville Midland Railway Co.

Powell, J. 1. The evidence authorized the verdict.

2. There was no error in the court's instructing the jury substantially to the effect that, though the plaintiff would be prima facie entitled to recover if the runaway in which he was injured was occasioned by the alleged acts of negligence on the part of the defendant, yet that if, after the acts of the defendant's negligence were in progress, the plaintiff could have avoided the consequences by ordinary care and diligence, he could not recover. The charge was not subject to exception on the ground that it deprived the jury of the right to diminish the damages in accordance with the comparative negligence of the respective parties. The doctrine of comparative negligence is not applicable to cases where the plaintiff failed to observe ordinary care and diligence to avoid the injury, after the negligence of the opposite party was existing and apparent. *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818).

3. There was some slight error in the admission of testimony; but slight error in the admission of testimony is not alone sufficient ground for reversal, especially where the verdict is well supported by the evidence.                           *Judgment affirmed.*

Decided June 29, 1911.

Action for damages; from city court of Jefferson—Judge Stark. January 27, 1911.

*M. C. Few,* for plaintiff.

*II. H. Dean,* for defendant.